**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2714
_____

OVIDIO ISAAC HERNANDEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A044-465-780)
Immigration Judge: Honorable Dorothy A. Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2012

Before: SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed:  May 25, 2012)
_____

OPINION
_____

PER CURIAM

    Ovidio Isaac Hernandez, a native and citizen of El Salvador, seeks review of a

final removal order entered by the Board of Immigration Appeals ("BIA").  For the

reasons that follow, we will deny the petition for review.

The relevant background can be summarized briefly. In 1982, at the age of six, Hernandez entered the United States without inspection. In 1992, while still a minor, he was adjudicated delinquent in New Jersey on a charge of sexual assault and ordered to comply with the registration requirements of "Megan's Law." In 1996, Hernandez adjusted status to lawful permanent resident. Thereafter, Hernandez had various encounters with the criminal justice system in New Jersey, including, as relevant here, a 1997 conviction for possession of 1.5 grams of marijuana, a 1999 conviction for urinating in public, and convictions in 2005 and 2008 for failure to register as a sex offender.

In 2002 and 2003, Hernandez took brief trips abroad and, upon return, was readmitted to the United States. In 2009, Hernandez was served a Notice to Appear charging removability under 8 U.S.C. § 1227(a)(2)(A)(ii) on the ground that the 2005 and 2008 convictions for failure to register as a sex offender constitute two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

Appearing with counsel before an Immigration Judge ("IJ"), Hernandez conceded his removability as charged, and the IJ rendered a determination that Hernandez is removable based on clear and convincing evidence.[1] Hernandez further conceded that he is ineligible for cancellation of removal, and he did not apply for asylum or other relief based on a fear of returning to El Salvador. Instead, Hernandez submitted an application

---

[1] In addition, Hernandez did not contest his removability before the BIA, and he does not contest it before this Court. Consequently, we do not review the IJ's determination that Hernandez is removable on the grounds charged.

2

for a <u>nunc</u> <u>pro</u> <u>tunc</u> waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h).[2]

After a lengthy course of proceedings, the IJ denied relief. The IJ explained that, while Hernandez was inadmissible when he returned from abroad in 2003 due to his 1997 marijuana conviction, he is eligible for a <u>nunc</u> <u>pro</u> <u>tunc</u> § 212(h) waiver of his inadmissibility. However, with regard to his inadmissibility for the subsequent 2005 and 2008 convictions, the IJ held that Hernandez cannot pursue a § 212(h) waiver because he did not file an application for adjustment of his status.

Hernandez appealed to the BIA, arguing that, because the IJ held that he is eligible for § 212(h) relief on the 1997 conviction, he should be permitted to use that waiver to overcome his inadmissibility for the 2005 and 2008 convictions. Hernandez also filed motions to reopen and to remand the case, arguing that he now should be permitted to apply for cancellation of removal on the 2005 and 2008 convictions in light of the IJ having determined that a § 212(h) waiver is available for the 1997 conviction.

The BIA dismissed the appeal and denied the motion to remand. It agreed with the IJ that a <u>nunc</u> <u>pro</u> <u>tunc</u> waiver of inadmissibility for the 1997 conviction does not extend to the two convictions that provide the grounds for removal, both of which arose after Hernandez's last entry into the United States in 2003. In addition, Hernandez could seek to waive inadmissibility for the 2005 and 2008 convictions only if he applied to

---

[2] <u>See</u> 8 U.S.C. § 1182(h) (providing, inter alia, that "[t]he Attorney General may, in his discretion, waive" inadmissibility "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana").

adjust status, which Hernandez failed to do. Finally, the BIA declined to remand the case, rejecting Hernandez's "belated" request to apply for cancellation of removal. Hernandez timely filed a petition for review.

In his brief before this Court, Hernandez does not challenge the BIA's holding that a § 212(h) waiver is unavailable for the 2005 and 2008 convictions. Rather, Hernandez's sole argument is that, in rejecting his motion to remand/reopen the case, the BIA deprived him of an opportunity to make a case that he is eligible for cancellation of removal as to those convictions. We discern no error in the BIA's decision.[3]

Hernandez suggests that he was unable to apply for cancellation of removal prior to the IJ issuing her decision holding that he is eligible for a § 212(h) waiver on the 1997 conviction. By Hernandez's reckoning, he was "barred" earlier in the proceedings from seeking cancellation of removal due to the "stop-time rule," 8 U.S.C. § 1229b(d)(1), and this bar, Hernandez contends, was lifted only when the IJ held that relief from the 1997 conviction was available. Hernandez maintains that the IJ's ruling regarding his § 212(h) eligibility was a "new fact" that warranted reopening the case.

The record reflects that Hernandez, through counsel, willingly conceded before the IJ, on more than one occasion, that he was ineligible for cancellation of removal. See

---

[3] We reject the government's challenge to our jurisdiction over the petition for review. Even accepting, as the government contends, that the bar to review under 8 U.S.C. § 1252(a)(2)(C) is triggered by Hernandez's 2005 and 2008 convictions, Hernandez's argument before this Court – essentially, that he was denied the right to apply for cancellation of removal – presents a colorable "constitutional claim or question of law," which we retain jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(D).

A.R. at 196, 261.  Furthermore, Hernandez never raised or preserved an argument that he would become eligible for cancellation of removal, and that he would pursue an application for that relief, should the IJ hold that a § 212(h) waiver is available for the 1997 conviction.  Given this record, Hernandez was not denied a meaningful opportunity to present a case for cancellation of removal; he simply failed to make the argument when he should have, and then sought to raise it only belatedly, after the IJ had issued a final decision ordering his removal.  The BIA's reasons for refusing to remand/reopen this case are sound and fully supported:

> To embrace [Hernandez]'s reasoning would invite repeated piecemeal reopening (or remand of the record to the Immigration Judge) each time an Immigration Judge were to issue a legal decision, and would render immigration litigation virtually interminable, contrary to the strong public interest in finality of immigration litigation once the parties have had an opportunity to develop their cases.
>
> [Hernandez] had the opportunity to present his argument regarding his potential eligibility for cancellation of removal during the course of his removal proceedings, but failed to do so.  His belated request to apply for cancellation of removal does not warrant remand of the record for further proceedings before the Immigration Judge.

A.R. at 4 (citations omitted).

For the foregoing reasons, we will deny the petition for review.

5